# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIS HOLLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGE V. VERNE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-01734-LJO-SKO PC<br><br>FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.  Screening Requirement and Standard**

Plaintiff Ellis Hollis, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 18, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Discussion

### A. Summary of Allegations

Plaintiff, who is currently incarcerated at California State Prison-Solano, brings this action for the violation of his rights under the Eighth Amendment of the United States Constitution while he was at Pleasant Valley State Prison (PVSP). Plaintiff names Serge V. Verne, DDS, MD; David Y. Park, DDS, MD; J. Chokatos, MD; J. A. Fortune, P. A.; and PVSP Chief Executive Officer A. Lonigro as defendants. Plaintiff seeks damages and injunctive relief. However, given that Plaintiff is no longer incarcerated at PVSP, his claim for injunctive relief is precluded and he is limited to seeking damages. Alvarez v. Hill, 667 F.3d 1061, 1063-64 (9th Cir. 2012), Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

Plaintiff alleges that on March 2, 2010, Defendant Verne performed oral surgery on his broken jaw at an outside facility.[1] On April 19, 2010, Defendant Verne operated a second time and put a metal plate in Plaintiff's jaw.

---

[1] Bakersfield Outpatient Surgery Center.

When Plaintiff returned to PVSP, Defendant Chokatos refused to perform the required examination of the metal plate, which was causing Plaintiff severe discomfort. As a result, Plaintiff filed an inmate appeal on May 2, 2010. Based on Defendant Fortune's assurance that Plaintiff would receive prompt, adequate medical treatment for his jaw, Plaintiff withdrew his appeal. However, Plaintiff was once again denied treatment and medication, leaving him in extreme pain.

On January 24, 2011, Plaintiff again underwent oral surgery, which was performed by Defendant Park at the same outside facility. Defendant Park removed the metal plate from Plaintiff's jaw because the jaw had become infected due to lack of medical care and there were loose screws. Defendant Park recommended that Plaintiff be prescribed Tramadol, but Defendant Chokatos refused to refill the prescription or treat Plaintiff, and he failed to review Plaintiff's medical record or examine him. Defendants Chokatos and Fortune told Plaintiff he would be okay and he should be healed at that point.

On February 8, 2011, Dr. Schroeder, a dentist, examined Plaintiff. Plaintiff requested a Tramadol refill. Defendant Fortune contacted Defendant Chokatos, who refused to refill the Tramadol prescription. Plaintiff alleges that Defendants Fortune, Chokatos, and Lonigro have all refused to refill his Tramadol prescription or treat him without delay, causing him to suffer pain.

**B.     Eighth Amendment Medical Care Claim**[2]

**1.     Legal Standard**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)

---

[2] To the extent he is trying to do so, Plaintiff may not pursue a separate claim for violation of the Due Process Clause. If a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted).

3

(quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety. . . ." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

However, under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Liability may not be imposed on supervisory or administrative personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235, and supervisors or administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). In short, some culpable action or inaction must be attributable to the defendants. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

**2.   Discussion**

Defendants Verne and Park worked for a private medical clinic, and assuming without deciding that they acted under color of law as state contract providers, see e.g., Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924 (2001); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 954-55 (9th Cir. 2008), there are no factual allegations supporting a claim that they knowingly disregarded an excessive risk of harm to Plaintiff's health. Defendants were not Plaintiff's primary care physicians, they were not responsible for Plaintiff's

4

general health care, and their involvement was limited to performing surgery and setting forth any resulting recommendations. Neither Plaintiff's allegations nor his exhibits suggest that either Defendant acted with deliberate indifference toward Plaintiff's medical needs.

Defendants Chokatos and Fortune were directly involved with Plaintiff's medical treatment at PVSP. The failure to provide necessary pain medication can support an Eighth Amendment claim, and if Defendants knew that Plaintiff was in sufficient pain to warrant medication and their refusal to provide him with any medication caused him to needlessly suffer, an Eighth Amendment claim will lie. Snow v. McDaniel, 681 F.3d 978, 990 (9th Cir. 2012); Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). However, deliberate indifference must be shown and a mere disagreement between a prisoner and his physicians will not support a claim under section 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff's allegations must be sufficient to show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to Plaintiff's health. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (quotation marks omitted).

Here, Plaintiff's allegations fall short of supporting his claim that Defendants Chokatos and Fortune were deliberately indifferent to his pain. Plaintiff's allegations are conclusory in general and he specifically alleges that they told him, "You will be okay and you should be healed by now." (Comp., court record p. 8.) While they may have been incorrect in their assessment, there is no indication that they were acting with deliberate indifference. It is also unclear if Plaintiff was completely denied treatment for pain or if his claim is instead based on the refusal to provide Tramadol specifically. While Plaintiff has the right to be free from the unnecessary and wanton infliction of pain, he is entitled to appropriate medical treatment rather than to a specific medication he desires.

Finally, no basis is presented for liability against Defendant Lonigro, who partially granted Plaintiff's inmate appeal at the second level of review on May 26, 2011. (Id., pp. 16-18.) Defendant Lonigro was responsible for providing an administrative review of Plaintiff's grievance regarding medical care and neither Plaintiff's allegations nor the appeal decision suggests that Defendant Lonigro knowingly disregarded an excessive risk of harm to Plaintiff's health. While prison

5

administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, there is simply no factual support for an Eighth Amendment claim against Defendant Lonigro. Snow, 681 F.3d at 989; Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).

### III.  Conclusion and Order

In conclusion, Plaintiff's complaint fails to state a claim under section 1983.[3] However, because some of the deficiencies may be capable of being cured through amendment, particularly those involving Defendants Chokatos and Fortune, the Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

---

[3] To the extent that Plaintiff is also alleging a malpractice claim under California law, the Government Claims Act requires exhaustion of the claim with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Here, Plaintiff has neither alleged compliance nor alleged sufficient facts to support a viable malpractice claim.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **August 27, 2012**                    /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE